**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

|  |  |  |
|---|---|---|
|  | : | MDL DOCKET NO. 4:03-CV-1507-BRW |
| IN RE: | : |  |
| PREMPRO PRODUCTS LIABILITY | : |  |
| LITIGATION | : |  |

**AMENDED ORDER**

Defendants indicated that *Barbara Martin, et al. v. Wyeth, et al.*, 4:04-CV-00795-BRW, which was scheduled first out for trail on August 13, 2012, has settled.[1] Accordingly, *Christine Austin, et al. v. Wyeth, et al.*, 4:05-cv-01035-BRW is substituted and will be the third out case

The following cases are scheduled for a jury trial commencing on August 13, 2012, in Little Rock, Arkansas: *Yvonne Parsons v. Wyeth Inc., et al.*, 4:04-cv-00358-BRW (first out); *Kay Graves v. Wyeth Inc., et al.*, 4:04-cv-00357-BRW (second out); and *Christine Austin, et al. v. Wyeth, et al.*, 4:05-cv-01035-BRW (third out).

Another MDL bellwether trial will commence at 9:30 a.m., Wednesday, December 5, 2012.  All of the below deadlines apply to the December trial as well.  If all of the above listed cases are resolved, new cases, with new deadlines, will be selected.

1. **Bellwether Trial Deadlines and Information**

I realize the parties want to "make a record" in individual cases, but unless there is something significantly different in these cases from *Curtis v. Wyeth*,[2] I intend to follow each of my previous rulings.  Unless you advise me that there actually is a significant difference (other than the obesity causation issue), with <u>specificity</u>, by 5 p.m., Monday, April 30, 2012, I'll assume the issues are essentially the same.

---

[1]Doc. No. 2978.

[2]3:05-CV-00074-BRW.

If the parties feel that weekly telephone conferences, like those held in previous bellwether trials, would be helpful, please let me know and we will set them.

Please note well the deadlines set forth below because I am going to be disinclined to grant extensions. In other words, don't count on extensions even though I have granted them in the past without much fuss.

The deadlines are as follows:[3]

**April 30**   Discovery cutoff.

Plaintiffs say which case-specific expert witnesses they likely will call, produce case-specific reports, and provide dates for their depositions.

**May 14**   Defendants say which case-specific expert witnesses they likely will call, produce case-specific reports, and provide dates for their depositions.

**May 29**   Dispositive motions must be filed.

**June 4**   *Daubert* motions must be filed.

**June 11**   Responses to dispositive motions must be filed.

**June 18**   Responses to *Daubert* motions must be filed.
Replies to dispositive motions must be filed.

**June 27**   Hearing on *Daubert* and dispositive motions, if necessary.[4]

**July 9**   Motions in limine must be filed.

Parties must exchange deposition designations.

**July 16**   Pretrial information sheets must be filed.

Parties must exchange counter designations.

Blocks of time recommendations must be submitted to the Court.

Objections to exhibits and parties exchange lists of rebuttal exhibits.

---

[3]Unless otherwise noted, the deadline is 5 p.m., CST, on the designated day. Reply briefs are not to exceed 5 pages.

[4]The hearing will commence at 9 a.m., CST.

2

| | |
|---|---|
| **July 23** | The parties must submit to the Court deposition designations and counter designations of witnesses not previously designated or ruled on in the HRT cases in the EDAR, along with any objections, in the format used in previous bellwether trials. For witnesses whose deposition designations were ruled on previously, the rulings remain the same. |
| | Objections to pretrial information sheets. |
| | Responses to motions in limine must be filed. |
| **July 25** | Date by which second and third out cases will be bumped to the December trial date, if the first out case has not been resolved. |
| **July 30** | Parties are to provide my courtroom deputy exhibit lists. |
| | Agreed set of jury instructions submitted to the Court. Opposing proposed instructions are to be submitted for instructions which cannot be agreed upon. |
| **August 13** | Trial commences at 9:30 a.m.[5] |

### 2. *Daubert* Issue re: Obese Plaintiffs

Because of an issue that arose in previous *Daubert* briefing, I want to make sure the scope of the *Daubert* obesity causation issue is clear: the parties are submitting briefing and expert reports on the issue of whether an expert can reliably rule out an obese woman's own estrogen as a cause of her breast cancer; and I believe it would be meet and proper for any rulings on this issue to apply to all cases that involve this issue.

If an individual Plaintiff believes her case is an exception, or has her own specific expert to proffer, she should meet and confer with the Plaintiffs' Steering Committee.

Since an MDL is intended to resolve common issues and is grounded in efficiency, I believe all of these issues should be handled once. Full briefing and rulings on common issues

---

[5]Lawyers should arrive no later than 8:00 a.m. on the date of trial to meet with my courtroom deputy re: exhibits.

4

ordinarily should not be nullified simply because a party later claims that she was not directly involved in briefing the issue.

The Plaintiffs' Steering Committee is directed to forthwith notify all potential parties who may be affected by *Daubert* rulings on obesity.

IT IS SO ORDERED this 20th day of March, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE